**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4254**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL TRACY GARNETT,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge (2:07-cr-00146-1)

Submitted: December 16, 2008        Decided: December 22, 2008

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark L. French, CRISWELL & FRENCH, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Tracy Garnett pled guilty to possession of a dangerous weapon in a federal facility, in violation of 18 U.S.C. § 930(b) (2006). The district court sentenced Garnett to thirty months of imprisonment, to be followed by a three-year term of supervised release. Garnett contends on appeal that the district court clearly erred in denying a reduction in sentence for acceptance of responsibility, pursuant to U.S. Sentencing Guidelines Manual § 3E1.1 (2007). Finding no reversible error, we affirm.

A district court's determination as to the defendant's acceptance of responsibility is a factual question reviewed for clear error. United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999). The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. United States v. Urrego-Linares, 879 F.2d 1234, 1238-39 (4th Cir. 1989). A guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility. See USSG § 3E1.1, comment. (n.3). A defendant may not be entitled to a sentencing adjustment for acceptance of responsibility if the defendant engages in conduct inconsistent with acceptance of responsibility. Id. In this case, the district court found by a preponderance of evidence that Garnett obstructed justice in unsuccessfully attempting to influence his

wife to testify falsely and that Garnett gave false testimony at sentencing in that regard. We find no clear error in the district court's conclusion that Garnett's conduct after he pled guilty was inconsistent with acceptance of responsibility.

Accordingly, we affirm Garnett's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED